UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-60259-CR-COHN

MAGISTRATE JUDGE SNOW

UNITED STATES OF AMERICA,    :

    Plaintiff,    :

v.    :

STEPHEN JOHN JORDI,    :

    Defendant.    :
_____/

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE GOVERNMENT'S MOTION FOR UPWARD DEPARTURE

The defendant, Stephen John Jordi, through the undersigned counsel, files this memorandum of law in support of the defendants's motion to strike the government's prehearing submission entitled Government's Motion for Upward Departure.

A sentencing hearing is presently set for May 14, 2004. A presentencing report has been filed with the Court and provided to the defendant and the government. This presentence report does not



state any grounds for an upward departure.[1] Furthermore, the Court has not provided any notice of any intention to depart upward from the sentencing guidelines. However, the government has filed a prehearing submission which requests that the Court impose an upward departure from the sentencing guidelines. This prehearing submission is entitled Government's Motion for Upward Departure.

This request fails to specify which of the applicable Chapter 5 Section K grounds for departure applies, 5K2.0(2)(A) or 5K2.0(2)(B) or 5K2.0(3) or 5K2.0(4). All of these four mutually exclusive grounds require commensurate different levels of proof. The defense is unable to adequately prepare a response to the government's motion without knowing under which of these four mutually exclusive grounds the government intends to precede under. This prehearing submission fails to provide the defendant with the requisite legal notice required pursuant to the current state of the law, as delineated in *Burns* and *Palslay,* and therefore should be stricken by the Court.

Fed. R. Crim.P. 32, as interpreted by *Burns v. United States*, 501 U.S. 129, 11 S.Ct. 2182, 115 L.Ed.2d 123 (1991) and by *United States v. Palslay*, 971 F.2d 667, (11th Cir.1992), requires that the defendant be provided notice of the specific grounds for any upward departure in:(1) the presentence report; or (2) the government's prehearing submission; or (3) in a notice by the Court. *See United States v. Palsay*, 971 F.2d 667, 673-74 n. 11 (11th Cir.1992). Perhaps more specifically,

---

[1] On May 11th, United States Probation Officer Sara Garcia faxed a two page addendum to the presentence report parroting the government's basis for a possible upward departure. This addendum does not recommend an upward departure, but merely informs the Court of the probation officer's belief that the Court has the discretion to upward depart. For the reasons more fully stated in the body of this memorandum, as to the inadequacies of the government's prehearing submission, the addendum is likewise inadequate.

2

the Eleventh Circuit states:

> *Burns* holds that a criminal defendant is entitled to prior notice of the *specific grounds* the sentencing court is considering relying upon for an upward departure not otherwise "identified" in the presentence report or the prosecution's sentencing memorandum. *See Burns*, 501U.S. at –, 111 S.Ct. at 2187. "Identified" means more than discernable through close study of the facts section of the government's presentence memorandum coupled with extensive perusal of the guidelines. For a defendant to be on notice for purposes of Burns that a specific ground may be relied upon to justify an upward departure based on a presentence document, *we hold that the document must affirmatively indicate that an upward departure is appropriate based on a particular ground, each and every ground offered in support of an upward departure must be clearly stated,* the facts supporting each ground must be plainly set forth, and the defendant must be provided with the document setting forth the potential ground (or grounds) for the upward departure within a "reasonable" amount of time prior to the sentencing hearing.

*Palsay*, 971 F.2d 667, 673-74 n.11 (11th Cir.1992), citing to *Burns* at 111 S.Ct. at 2185-86.(emphasis added).

In *Palsay*, the government argued that the lack of specific notice from the Court was inconsequential because the government's prehearing submission provided the necessary specificity of notice. The Eleventh Circuit disagreed stating: "Although the government's sentencing memorandum did suggest an upward departure, it did not *specifically suggest* a departure based on *section 5K2.6*." See *id.* at 673-674 (emphasis added). Likewise, in the present matter, while the government's prehearing submission suggests an upward departure, it fails to *specifically suggest upon which ground within Chapter 5 section K the upward departure is based*. As in the *Palsay* case, the government's prehearing submission fails to provide the requisite notice due the defendant and should be stricken by the Court.

3

WHEREFORE, the defendant, through undersigned counsel, moves this Court for the entry of an order striking the government's prehearing submission entitled Government's Motion for Upward Departure.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Michael Spivack
Assistant Federal Public Defender
Florida Bar No. 0508969
150 West Flagler Street
Suite 1700
Miami, Florida 33130
Telephone: (305) 530-7000
Facsimile : (305) 536-4559


KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Anne M. Lyons
Assistant Federal Public Defender
Florida Bar No. 572047
150 W. Flagler Street, Suite 1700
Miami, FL 33130-1556
Telephone: (305) 530-7000
Fax: (305) 536-4559

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 88.9

I HEREBY CERTIFY that counsel has taken the following steps: the undersigned counsel contacted the Assistant United States Attorney assigned to the case by telephone, explained the basis of this motion, and requested that the government withdraw its prehearing submission. The government is unwilling to withdraw its prehearing submission.

By: _____
Michael Spivack

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via facsimile transmission and via interagency mail this 12th day of May, 2004 to: John C. Shlesinger, Esquire, Assistant United States Attorney, 99 N.E. 4th Street, Miami, Florida, 33132.

By: _____
Michael Spivack

By: _____
Anne M. Lyons

N:\Jordi.MemoLaw.01.wpd

## FAXBACK SERVICE LIST

Michael Spivack, Esq.
Assistant Federal Public Defender
150 West Flagler Street
Suite 1700
Miami, Florida 33130
Tel: (305)530-7000
Fax:(305)536-4559
Co-Counsel for Mr. Stephen John Jordi

John C. Shlesinger, Esq.
Assistant United States Attorney
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305)961-9405
Fax:(305)536-7213
Counsel for the Government

Anne M. Lyons, Esq.
Assistant Federal Public Defender
150 West Flagler Street
Suite 1700
Miami, Florida 33130
Telephone: (305) 530-7000
Fax: (305) 536-4559
Counsel for Stephen John Jordi